IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TERRELL SAUNDERS, | :: | MOTION TO VACATE |
|    Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:03-CR-0282-ODE-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
|    Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:06-CV-2401-ODE |

## REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of Terrell Saunders' pro se motion to amend his 28 U.S.C. § 2255 motion, [Doc. 141], and Federal Rule of Civil Procedure 60(b) motion for relief from the judgment denying his § 2255 motion, [Doc. 151]. For the following reasons, the undersigned **RECOMMENDS** that Saunders' post-judgment motions be **DENIED**.

### I. PROCEDURAL HISTORY

In October 2003, following a jury trial, Saunders was convicted of possession of crack with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(a) and (b)(1)(C), and possession of a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). See [Doc. 148 at 1]. The Court imposed a total sentence of 228 months of imprisonment. [Id. at 2]. Saunders appealed, and the United States Court

of Appeals for the Eleventh Circuit affirmed his convictions and sentences. [Doc. 53]. The United States Supreme Court granted certiorari, vacated the Eleventh Circuit's decision, and remanded for reconsideration in light of United States v. Booker, 543 U.S. 220 (2005). Saunders v. United States, 543 U.S. 1184 (2005). The Eleventh Circuit then reinstated its opinion affirming Saunders' convictions and sentences, finding that he had waived the Booker issue. [Doc. 54]. The United States Supreme Court denied certiorari on October 11, 2005. Saunders v. United States, 546 U.S. 951 (2005).

On October 9, 2006, Saunders filed a counseled § 2255 motion, arguing, in pertinent part, that his trial counsel was ineffective for "denying him the opportunity to knowingly accept or reject an offer by giving him incorrect advice about the sentencing ramifications" because counsel did not properly investigate Saunders' prior convictions, which would have revealed that he was subject to a career criminal sentence. [Doc. 55 at 4; Doc. 55-1 at 4-7]. The Court denied Saunders' § 2255 motion, [Doc. 67], and the Eleventh Circuit affirmed on May 27, 2008, [Doc. 97].

Next, on May 26, 2009, Saunders filed a pro se Rule 60(b)(6) motion for reconsideration of the denial of his § 2255 motion, arguing that counsel's terminal

2

illness warranted the reopening of that proceeding. [Doc. 98]. The Court denied the Rule 60(b)(6) motion, [Doc. 99], and the Eleventh Circuit affirmed, [Doc. 119].

Saunders has now filed a motion to amend his original § 2255 motion, [Doc. 141], and a Rule 60(b)(5) motion to reconsider the denial of his § 2255 motion, [Doc. 151]. In both of these motions, Saunders reasserts the merits of his claim regarding counsel's alleged failure to investigate his criminal history and presents additional argument regarding counsel's alleged erroneous advice in connection with Saunders' decision to proceed to trial. [Doc. 141 at 3-6; Doc. 151 at 3-6].

## II. DISCUSSION

Saunders filed the motion to amend his original § 2255 motion long after his original motion had been denied and was no longer pending. Since Saunders cannot amend a pleading that is no longer pending, his motion to amend is due to be denied. See United States v. Terrell, 141 F. App'x 849, 852 (11th Cir. 2005) ("At this time, moreover, the initial § 2255 motion is no longer pending anywhere, and it would make no sense to remand and direct the district court to treat the motion to reopen and reduce sentence as a motion to amend an initial § 2255 motion that no longer exists.").

3

As for his motion for reconsideration, Rule 60(b) may not be used to circumvent the restrictions on successive § 2255 motions.[1] Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc). A Rule 60(b) motion must be treated as a successive habeas action if it (1) "seeks to add a new ground for relief" or (2) "attacks the federal court's previous resolution of a claim *on the merits*." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (emphasis in original) (addressing state prisoner's Rule 60(b) motion in 28 U.S.C. § 2254 proceeding); see also Gilbert, 640 F.3d at 1323 ("concluding that the standard announced in Gonzalez applies to federal prisoner cases as well"). Because Saunders' motion seeks relief from his judgment of conviction, "instead of pointing out a defect in the integrity of the earlier § 2255 motion proceeding in his case, under Gonzalez his motion is the equivalent of a second or successive motion and is barred by § 2255(h)." Gilbert, 640 F.3d at 1323. There is no indication in the record that Saunders has obtained authorization from the Eleventh Circuit to file a successive § 2255 motion. The Court, therefore, lacks jurisdiction to consider his post-judgment motions. Farris, 333 F.3d at 1216.

---

[1] In order to file a second § 2255 motion, a movant must first obtain authorization from the Eleventh Circuit to file it in the district court. See 28 U.S.C. §§ 2255(h), 2244(b)(3)(A). "Without authorization, the district court lacks jurisdiction to consider a second or successive [§ 2255 motion]." Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam).

## III.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Saunders' pro se motion to amend his 28 U.S.C. § 2255 motion, [Doc. 141], and Federal Rule of Civil Procedure 60(b) motion for relief from the judgment denying his § 2255 motion, [Doc. 151], be **DENIED**.

The undersigned **FURTHER RECOMMENDS**, pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, that the Court decline to grant Saunders a certificate of appealability.

**SO RECOMMENDED**, this 8th day of April, 2013.

*/s/ Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)